# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO.  14-153** |
| **KERRY JOHN LIRETTE, JR.** | **SECTION: "E" (4)** |

## <u>ORDER AND REASONS</u>

Before the Court is a motion to sever filed by Defendant Kerry John Lirette, Jr.[1]

The Court set forth the factual background of this case in its order on Defendants' motion to suppress.[2] The three-count indictment in this criminal action contains drug charges against three defendants, Akari Williams ("Williams"), Kerry John Lirette, Jr. ("Lirette"), and Philips Thompson ("Thompson").[3] Lirette is charged in two of the three counts with (1) conspiracy to distribute and possess with the intent to distribute 500 grams or more of methamphetamine, and (2) knowing and intentional possession with the intent to distribute 500 grams or more of methamphetamine.[4] Trial is scheduled to begin August 1, 2016.

On May 23, 2016, Lirette filed a motion to sever his trial from the trial of his co-defendants pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure.[5] Lirette argues he will be prejudiced if he is tried with Williams because, Lirette contends, Williams would provide exculpatory testimony at Lirette's trial if their trials are severed.[6]

---

[1] R. Doc. 109.
[2] *See* R. Doc. 118 at 1–8.
[3] R. Doc. 36.
[4] *Id.*
[5] R. Doc. 109.
[6] *Id.*

The Government filed an opposition on June 7, 2016.[7] Lirette filed a reply in support of his motion on June 24, 2016.[8]

Rule 8(b) of the Federal Rules of Criminal Procedure provides that an indictment may charge two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."[9] "As a general rule, persons indicted together should be tried together, particularly when the offense is conspiracy."[10] "The federal judicial system evinces a preference for joint trials of defendants who are indicted together because joint trials 'promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'"[11]

The Court may sever defendants' trials under Rule 14(a), however, if "a consolidation for trial appears to prejudice a defendant,"[12] though severance is not required if prejudice is shown.[13] The Court has the discretion to decide a motion to sever and, in exercising that discretion, "must balance the right of a defendant to a fair trial against the interests of judicial economy."[14] "Severance is proper 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'"[15]

To obtain a severance based on the claim that a co-defendant would provide exculpatory testimony, a defendant must establish the following: (1) a bona fide need for

---

[7] R. Doc. 111.
[8] R. Doc. 117.
[9] FED. R. CRIM. P. 8(b).
[10] *United States v. Simmons*, 374 F.3d 313, 317 (5th Cir. 2004).
[11] *United States v. McRae*, 702 F.3d 806, 821 (5th Cir. 2012) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)).
[12] FED. R. CRIM. P. 14(a).
[13] *Zafiro*, 506 U.S. at 538–39.
[14] *United States v. Zicree*, 605 F.2d 1381, 1388 (5th Cir. 1979).
[15] *United States v. Mitchell*, 484 F.3d 762, 775 (5th Cir. 2007).

the testimony; (2) the substance of the testimony; (3) the exculpatory effect of the testimony; and (4) an indication that the co-defendant would testify if the trial was severed.[16]

The Government argues in its opposition that Lirette has not met his burden because he has not provided an affidavit or similar proof that Williams would actually testify, and the substance of that testimony, at Lirette's trial if it were severed.[17]

In *United States v. Owens*, the Fifth Circuit rejected a defendant's argument that she was prejudiced by her joint trial with her co-defendant because her co-defendant would have testified at her trial if their cases had been severed.[18] The Fifth Circuit found the defendant did not demonstrate that her co-defendant would have testified, as she did not have "an affidavit from [her co-defendant] *or similar proof*."[19] The court explained, "A statement from a defendant's attorney is insufficient to establish that the defendant's co-defendant would be willing to testify or the substance of such testimony."[20] The court found that allegations that a co-defendant "likely" or "possibly" would have been available to testify if the co-defendant were tried first were insufficient to satisfy the defendant's burden on a motion to sever.[21] The Fifth Circuit considered a similar argument in *United States v. Nguyen* and explained that, "without an affidavit from the co-defendant himself or *other similar proof*, conclusory allegation[s] that a co-defendant would testify and what he or she would testify about is not sufficient."[22]

---

[16] *United States v. Owens*, 683 F.3d 93, 99 (5th Cir. 2012).
[17] R. Doc. 111 at 3–5.
[18] *Owens*, 683 F.3d at 99.
[19] *Id.* at 99–100 (emphasis added).
[20] *Id.* at 100.
[21] *Id.*
[22] *United States v. Nguyen*, 493 F.3d 613, 625 (5th Cir. 2007) (alteration in original) (emphasis added) (internal quotation marks omitted).

The Fifth Circuit has not provided guidance on what constitutes "other similar proof." The Court finds the proof offered in this case is sufficient to constitute proof similar to an affidavit from a co-defendant. Williams provided exculpatory statements regarding Lirette's involvement to government agents on several occasions.[23] For example, at the time of his arrest during an audio-recorded post-*Miranda* interview, Williams stated that Lirette was his brother-in-law and "had no idea" about the package.[24] He advised law enforcement officers that he ordered the package of illegal narcotics at issue.[25] Williams admitted he ordered the package in Lirette's name and that Lirette did not know the package was sent to his residence.[26] Williams told the officers he advised Lirette only on the day of the package's delivery that a package would be delivered to Lirette's residence.[27] Further, Williams said he tracked the delivery of the package via UPS but sent it to Lirette's home because he believed the package could cause marital issues with his spouse.[28]

In Lirette's reply memorandum in support of his motion, he states that on June 14, 2016, Lirette's counsel learned that Williams went with his attorney to the United States Attorney's Office several months before and told the assistant United States attorney ("AUSA") that Lirette was unaware of the package's contents.[29] "[The AUSA] was unequivocal that Akari Williams intended to clear Lirette, which was entirely consistent

---

[23] *See* R. Doc. 117 at 2–3.
[24] *See* R. Doc. 111 at 2. Williams also denied that he himself knew the package contained drugs and stated he thought the package contained legal items. *See id.* He told officers that he had the package delivered to Lirette's residence because of the potential marital issues the package would cause. *See id.* Williams provided no other information about the contents of the package. *See id.* This does not change the Court's analysis with respect to Lirette's motion to sever.
[25] *See* R. Doc. 117 at 2.
[26] *Id.*
[27] *Id.*
[28] *Id.*
[29] *Id.* at 3.

4

with the statement he gave upon his arrest and consistent with the statement given by Kerry Lirette upon his arrest."[30]

The Court finds Lirette has met his burden to show a bona fide need for Williams' testimony, the substance of the testimony Williams would provide, the exculpatory effect of Williams testimony, and other proof similar to an affidavit from Williams that Williams would testify at Lirette's trial if Lirette's trial were severed from Williams'. The Court finds a joint trial would prevent the jury from making a reliable judgment about Lirette's guilt or innocence.[31]

Because Lirette has met his burden, to determine whether a severance is appropriate,[32] the Court must (1) examine the significance of the testimony in relation to the defendant's theory of defense; (2) assess the extent of prejudice caused by the absence of the testimony; (3) pay close attention to judicial administration and economy; (4) give weight to the timeliness of the motion.[33]

All four of these factors weigh in favor of severance. The significance of the testimony is apparent, as Lirette's theory of defense is that he had no knowledge of the contents of the package and learned only of a package's shipment the day of its delivery.[34] The absence of the testimony would severely prejudice Lirette. Although the Court recognizes the value of judicial economy and the inequity of inconsistent verdicts, the Court finds that, in this case, Lirette's right to a fair trial substantially outweighs the

---

[30] *Id.*

[31] *See Mitchell*, 484 F.3d at 775.

[32] "Rule 14 does not require severance even if prejudice is shown." *Zafiro*, 506 U.S. at 538–39. The rule "leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id.*

[33] *United States v. DeSimone*, 660 F.2d 532, 540 (5th Cir. 1981); *United States v. Butler*, 611 F.2d 1066, 1071 (5th Cir. 1980).

[34] *See* R. Doc. 117.

judicial economy served by a joint trial.[35] Finally, Lirette's motion was timely filed on May 23, 2016, before the May 31, 2016, deadline to file motions to sever set by the Court and well in advance of the trial date of this matter.[36]

Accordingly;

**IT IS ORDERED** that Lirette's motion to sever is **GRANTED**.

**New Orleans, Louisiana, this 28th day of June, 2016.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[35] *See Zicree*, 605 F.2d at 1388.
[36] *See* R. Doc. 107.